UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THUAN HAN TANG,

      Petitioner,

    v.

PAMELA BONDI *et al.*,

      Respondents.

CAUSE NO. 3:26cv203 DRL-SJF

<u>ORDER TO SHOW CAUSE</u>

Immigration detainee Thuan Han Tang, by counsel, filed a petition under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. According to the petition, Mr. Tang is a Vietnamese citizen who entered the United States as a refugee in 1981. Following criminal convictions, an immigration judge ordered him removed on November 7, 2000. United States Immigration and Customs Enforcement (ICE) released him in 2001 on an order of supervision. In 2009, ICE detained him again after another criminal conviction but released him after ninety days on another supervision order. On June 10, 2025, ICE detained him a third time, and he is currently held at the Miami Correctional Facility.

Mr. Tang argues that he is entitled to habeas relief because the government has detained him for more than six months and there is no significant likelihood that the government will remove him to another country within the reasonably foreseeable future. He alleges that the government was unable to remove him to Vietnam during his detention in 2001 or 2009. He also alleges that Vietnam has consistently refused to issue travel

documents for individuals like him who entered the United States before July 12, 1995. He alleges that from September 2021 to September 2023, Vietnam accepted only four individuals who entered the United States before 1995 for removal. He also argues that he is entitled to habeas relief because the government did not comply with the procedures set forth in 8 C.F.R. § 241.4, including notice of revocation, an initial informal interview, and a 90-day custody review. For relief, he seeks his immediate release from custody.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but this does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The court has jurisdiction to review the legality of Mr. Tang's detention under 8 U.S.C. § 1231(a).

Mr. Tang has named the Warden of Miami Correctional Facility as a respondent. As respondents, Mr. Tang also lists Attorney General Pamela Bondi, Former Secretary of the Department of Homeland Security Kristi Noem, Acting Director of ICE Todd Lyons, and Acting Executive Associate Director of ICE Enforcement and Removal Operations Marcos Charles. These additional respondents are not Mr. Tang's "immediate custodian" and do not exercise "day-to-day control" over Miami Correctional Facility, where he is being held. *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals concluded that the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. *See also Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024);

*Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021); *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000). Therefore, the court will dismiss the noncustodial respondents, keeping the Warden of Miami Correctional Facility as the sole respondent. The court anticipates that, given normal protocols, the United States Attorney for the Northern District of Indiana will respond on behalf of the federal government and the custodial warden.

When answering the petition, the Warden should consider that some issues regarding detention under 8 U.S.C. § 1231(a) have already been decided by the court. The court has determined that neither 8 U.S.C. § 1252(b)(9) nor 8 U.S.C. § 1252(g) strips the court of jurisdiction over a habeas petition challenging a petitioner's detention under § 1231(a), *see Liang v. English*, No. 3:25cv1052, 2026 WL 835853, 2-3 (N.D. Ind. Mar. 26, 2026), and that the court has the authority to determine whether a noncitizen, who remains present within the country and who has been ordered removed, has been detained longer than necessary to secure removal, *see id.* at 3-5 (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), and *Clark v. Suarez Martinez*, 543 U.S. 371 (2005)).

To the extent the parties would raise the same arguments regarding subject matter jurisdiction or the applicable standard for analysis already discussed in *Liang* (or in the cases it cites), there is no need to rehash these same arguments. The parties may preserve their points, and the court will deem such arguments preserved for review without need to repeat them in full in briefing and deem them likewise addressed by the court's decision in *Liang*, unless there is cause to address something new. The parties need only brief what is different or new, not what has been decided under the law, and then those issues particular to this petitioner. Naturally, the record of whether a petitioner has met his burden of showing, or

3

whether the government has rebutted this showing, that there is no significant likelihood of removal in the reasonably foreseeable future will be unique to each petitioner.

In the petition, Mr. Tang asks the court to issue an order to show cause requiring a response within three days, relying on 28 U.S.C. § 2243. ECF 2. Section 2243 is not controlling, as it has been superseded by the Rules Governing 2254 Cases, which also applies to habeas corpus petitions under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts; *Bleitner v. Welborn*, 15 F.3d 652, 653–54 (7th Cir. 1994) (discussing how Rule 4's grant of discretion to district judges to set deadlines supersedes the deadlines in § 2243). Though the court declines to set a three-day response deadline, the court agrees that a reasonably short deadline is appropriate.

Mr. Tang also filed a motion asking the court to order the respondents to show cause why they should not be held in default for failing to comply with the court's order to show cause issued on October 20, 2025. ECF 4. Contrary to what this motion suggests, the court has not previously ordered the respondents to show cause in this case. Therefore, this motion is denied.

For these reasons, the court:

(1) DENIES the motion for an order to show cause (ECF 4);

(2) DISMISSES without prejudice Attorney General Pamela Bondi, Former Secretary of the Department of Homeland Security Kristi Noem, Acting Director of ICE Todd Lyons, and Executive Associate Director of ICE Enforcement and Removal Operations Marcos Charles;

(3) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) on the Warden of the Miami Correctional Facility at the Indiana Department of Correction;

(4) DIRECTS the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of the Miami Correctional Facility at the Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(5) ORDERS those listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(6) ORDERS the Warden of the Miami Correctional Facility to file a brief status report by **April 6, 2026**, with a continuing obligation to supplement with new information, detailing whether there are plans to remove Thuan Han Tang from the United States in the next thirty days and, if so, to where;

(7) ORDERS the Warden of the Miami Correctional Facility to answer the petition by **April 9, 2026**, including, in addition to any other relevant evidence, (a) a copy of the Order of Supervision that was revoked, a copy of the decision revoking his Order of Supervision, and any documentation relevant to those decisions; (b) the date of the informal interview and any other custody reviews following Thuan Han Tang's re-detention and documentation from those matters, and (c) the dates any travel documents have been requested and the countries from which those travel documents have been requested; and

(8) ORDERS that Thuan Han Tang may file a reply by **April 16, 2026**.

5

SO ORDERED.

April 2, 2026                                  s/ Damon R. Leichty
                                               Judge, United States District Court